White, J.
delivered the following opinion of the court.
This was an action by Sharp against Townsend, in which he alledged in his declaration, that Townsend had leased him a tract of land for about fourteen months ; that he was to pay, and had paid a certain quantity of corn per acre ; that Townsend had agreed to let him occupy the premises during said term, and to repair the fences &c. The breach assigned was, in not permitting him to enjoy during the whole of said term, and in not repairing the fences. To this declaration the defendant pleaded amongst other matters the general issue.
The bill of exceptions shows, that upon the trial, the plaintiff offered to prove, by parol testimony, the statements made in his declaration ; that the defendant objected to this, insisting upon the statute of frauds and perjuries, passed in 1801 ; that the court overruled this objection, received the parol testimony, and instructed the jury, that if they believed the contract was made, and in part executed by the parties, that the case was not within the statute ; the jury found for Sharp, and a new trial was moved for, which was not granted.
The only question now made, is, whether the act of 1801, applies to this case ?
The bill of executions does not expressly state what facts were proved ; but refers us to the declaration to ascertain them ; we are then to suppose that all the material facts stated therein were proved ; that is, that such a lease as is stated was proved, and that Sharp paid the corn by way of rent. It is not to be understood, that in this case, the court refers to the declaration for any other purpose, but to ascertain the facts proved. It must not be supposed, that the court believes this statute changes the mode of declaring. It is believed that if the party has a writing which will take the case out of the statute, he may use it in evidence, although it is not noticed in his declaration , and in like manner, if he wishes to use part performance as a substitute for a writing, he can give it in evidence, although not stated in his declaration.
The substance of this section in our act is, that no contract, by which a greater interest in land, is to be acquired, *193 than for the term of one year, shall be binding, unless the same is reduced to writing and signed by the party to be bound thereby. The words of it are, perhaps, precisely the same with one section of 29 Charles 2, chapter 3.
If courts could content themselves, in cases arising under the statute, with letting them be governed by the natural meaning of the words used in it, the law would be in such a situation, that in contracts respecting lands, it could be understood by the meanest capacity ; and it is thought very questionable, after a pretty long experience in England, whether the exertions of courts, in that country, to exempt cases from the operation of their statute, which fell within its words, have not been productive of more mischief, than benefit.
It is conceived, that courts in this country, when fixing a construction on a statute of our own, are not bound to adopt the same interpretation, which the English judges have put upon one of their statutes, which uses similar expressions.
Yet we ought to admit, that in all cases where we are compelled to form opinions, we are prone to doubt our own judgment, and to look for aid from the opinions of men who are compelled to act in similar cases ; and when we find a precedent, we are inclined rather to follow, than depart from it.
If we recur to British decisions for aid in this case, we shall find many of them, far from satisfactory. What one court has thought, such a part performance of a parol contract, as would take a case out of the statute, other courts have thought not sufficient for that purpose.
At times, they seem to have considered, that as the object of the statute was to prevent frauds, as well as perjuries, that a defendant, where a part performance was alledged, was guilty of a fraud when he relied upon the statute to shield him against an alledged parol agreement, and have compelled him to carry it into complete effect ; and by adopting this course, have, in the opinion of more modern writers, defeated the very object of the statute. While the Legislature was endeavoring to protect a defendant against the fraud of a plaintiff, who wished to establish an agreement upon him, through the means of a perjury, the courts have presupposed the agreement actually made, and the defendant guilty of a fraud in not complying with it.
*194 In tracing the decisions of the English Judges, most of the cases upon this point are selected by Sugden on Vend. and Purch. from p. 72 to p. 80, &c.; & by Rob’ts on frauds; by attending to the various decisions, it is believed it will appear, that after a considerable departure from the meaning of the statute, that modern decisions have returned almost to the words of it ; that simply the payment of the consideration money, or a part of it, will not take a parol agreement out of the statute.
That the part performance which will answer this purpose, should be such acts as must be nororious ; such as either usually or necessarily would follow such an agreement as is alledged ; and such acts as placed the party, claiming a performance, in such a situation, that he could not well be compensated for the injury he would sustain, by a non-performance.
For the present, take this for our guide, and what will be the result? The only part performance proved in this case, was payment of corn. This will not do ; it would not necessarily be paid or received as rent ; it might be on some other account ; it is not necessarily a notorious fact to pay it ; it might be established by a pretended confession of the party, and he not be able to contradict the statement by other proof ; and even if received as rent, it would rather tend to prove a lease so long as to raise a crop, or at most for a year.
Again, if such payment was made and the lease void, the party could be compensated by suing for it.
It is not stronger case than paying the consideration for a purchase of land ; and that ought not to take the case out of the statute ; it might be proved to have been made in such a way as would put it out of the defendant’s power to disprove it, though untrue ; and this is the very mischief the statute intended to prevent.
Now if the plaintiff had proved possession delivered, he would have had a stronger case ; it would have been a notorious act, and if untruly alledged, might be more capable of being disproved ; but still, if that had been established, it would not thence be inferred, that it was delivered in pursuance of a lease for fourteen months ; it would be a more probable conjecture that it was for a year or less.
Upon the whole, it seems, that whether this case is tested by the words of our statute, or what is belived the best construction of the English judges, upon their statute, still the judgment ought to be reversed.